IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

IN RE:                                   )
                                         )   Case No. 11-20140-11-rdb
ICOP DIGITAL, INC.                       )   Chapter 11
           Debtor.                       )
                                         )
_____)

**EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS
(1) AUTHORIZING DEBTOR TO OBTAIN POST PETITION FINANCING
PURSUANT TO 11 U.S.C §§ 105, 363, 364(c)(1), 364(c)(2), 364(d)(1),
AND 503(b)(1); (II) AUTHORIZING DEBTOR TO ENTER INTO A
LETTER OF INTENT FOR THE SALE OF ASSETS AND APPROVING PURCHASE
PROTECTION PROVISIONS; (III) DETERMINING AMOUNT OWED TO FCC, LLC
AND ORDERING ASSIGNMENT OF LIENS AND LOCKBOX; AND (IV)
SCHEDULING
A FINAL HEARING PURSUANT TO FED. R. BANKR. P. 2002, 4001 AND 9014**

ICOP Digital, Inc. (**ICOP**), debtor and debtor in-possession ("**the Debtor**"), submits this emergency motion ("**the Motion**") for entry of interim ("**the Interim Order**") and final ("**the Final Order**") orders (I) Authorizing Debtor to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 363, 364(c)(1), 364(c)(2), 364(d)(1), and 503(b)(1), and (B) Enter into a Letter of Intent for the sale of assets and Approving Purchase Protection Provisions; (II) Determining Amount Owed To FCC, LLC And Ordering Assignment Of Liens And Lockbox; and (III) Scheduling a Final Hearing Pursuant to Fed. R. Bankr. P 2002, 4001 and 9014. In support of this Motion, the Debtor represents as follows:

**BACKGROUND**

1.  On the 21st day of January, 2011, ("**the Petition Date**") ICOP Digital, Inc., a Colorado corporation, filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the Bankruptcy Code). Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor remains as Debtor-in-Possession.

In the United States Bankruptcy Court
District of Kansas, Kansas City  Division
In re:  ICOP Digital, Inc.
Case No.:  11-20140-11-rdb
EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING DEBTOR TO OBTAIN POST PETITION FINANCING PURSUANT TO 11 U.S.C §§ 105,  363, 364(c)(1), 364(c)(2), 364(d)(1), AND 503(b)(1); ( II) AUTHORIZING DEBTOR TO ENTER INTO A
LETTER OF INTENT FOR THE SALE OF ASSETS AND APPROVING PURCHASE PROTECTION PROVISIONS; (III) DETERMINING AMOUNT OWED TO FCC, LLC AND ORDERING ASSIGNMENT OF LIENS AND LOCKBOX;   AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO FED. R. BANKR. P. 2002, 4001 AND 9014

2. No trustee or examiner has been appointed in the Debtor's Chapter 11 case, and no committees have been appointed or designated.

3. Prior to the Petition Date, the Debtor engineered and marketed mobile video systems for law enforcement, the military and homeland security, providing its services on a national basis.  The Debtor maintained its corporate and business offices in Lenexa, Kansas.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. During mid to late 2010 ICOP determined that its financial condition had deteriorated to the point where it could no longer generate sufficient cash flow to maintain its operations.  It therefore, commenced efforts to locate a viable purchaser for its assets.

6. The Debtor has ceased operations and intends to sell its assets through the Chapter 11 process.

**RELIEF REQUESTED**

7. The Debtor seeks approval of an Interim Financing Order and an Order (i) authorizing the Debtor to enter into a Letter of Intent for the sale of assets and approving Purchase Protection Provisions (as defined in the Letter of Intent) (ii) determining the amount owed to FCC, LLC, d/b/a First Growth Capital ("**First Growth**") and (iii) requiring.First Growth

In the United States Bankruptcy Court
District of Kansas, Kansas City  Division
In re:  ICOP Digital, Inc.
Case No.: 11-20140-11-rdb
EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING DEBTOR TO OBTAIN POST PETITION FINANCING PURSUANT TO 11 U.S.C §§ 105,  363, 364(c)(1), 364(c)(2), 364(d)(1), AND 503(b)(1); ( II) AUTHORIZING DEBTOR TO ENTER INTO A
LETTER OF INTENT FOR THE SALE OF ASSETS AND APPROVING PURCHASE PROTECTION PROVISIONS; (III) DETERMINING AMOUNT OWED TO FCC, LLC AND ORDERING ASSIGNMENT OF LIENS AND LOCKBOX;   AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO FED. R. BANKR. P. 2002, 4001 AND 9014

to assign its liens and lockbox to SV and release any interest it may have in the Debtor's assets, including but not limited to the Debtor's accounts receivable.

**The Interim Financing Order**

8. The Debtor proposes entry of an Interim Financing Order, in substantially the same form as the order attached hereto, that provides, among other things, this Court's authorization under sections 105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3) and 364(d)(1) of the Bankruptcy Code, for the Debtor:

   a. to obtain secured postpetition financing ("**the Postpetition Financing**") in the aggregate principal amount of up to $500,000.00 ("**the Commitment**") from Safety Vision, LLC (**SV**) pursuant to a *Debtor-In-Possession Credit Agreement* ("**the DIP Credit Agreement**");

   b. to grant SV, as security for the Debtor's obligations under the DIP Credit Agreement:

      i. priority in payment, pursuant to section 364(c)(1) of the Bankruptcy Code, with respect to such obligations over any and all administrative expenses of the kinds specified in Bankruptcy Code sections 503(b) and 507(b) (to the extent permitted by law);

      ii. perfected first priority, senior priming liens, pursuant to section 364(d)(1) of the Bankruptcy Code, on all of the property of the Debtor (including, without limitation, inventory, receivables, accounts, all assets and rights under license agreements and property, plant and equipment, together with all assets described in the DIP Credit Agreement);

In the United States Bankruptcy Court
District of Kansas, Kansas City Division
In re: ICOP Digital, Inc.
Case No.: 11-20140-11-rdb
EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING DEBTOR TO OBTAIN POST PETITION FINANCING PURSUANT TO 11 U.S.C §§ 105, 363, 364(c)(1), 364(c)(2), 364(d)(1), AND 503(b)(1); (II) AUTHORIZING DEBTOR TO ENTER INTO A
LETTER OF INTENT FOR THE SALE OF ASSETS AND APPROVING PURCHASE PROTECTION PROVISIONS; (III) DETERMINING AMOUNT OWED TO FCC, LLC AND ORDERING ASSIGNMENT OF LIENS AND LOCKBOX; AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO FED. R. BANKR. P. 2002, 4001 AND 9014

    c.    to borrow up to $500,000.00 under the DIP Credit Agreement on an interim basis pending a final hearing on this Motion; and

    d.    to schedule a final hearing on this Motion ("**the Final Hearing**") pursuant to Bankruptcy Rule 4001, to consider entry of a final Order authorizing the Postpetition Financing; and

    e.    to establish notice procedures regarding the Final Hearing.

    9.    The Debtor further requests that the Interim Financing Order determine the amounts owed First Growth, require SV to, in accordance with the terms of the DIP Credit Agreement, as defined herein, immediately payoff First Growth and require First Growth to accept that payoff and assign its liens and lockbox to SV and release any interest it may have in the Debtor's assets, including but not limited to the Debtors accounts receivable.

### BASIS FOR RELIEF

    10.    The Debtor has determined that the Postpetition Financing is necessary to enable the Debtor to fulfill its Chapter 11 obligations and to consummate a sale of its assets. Because the Debtor lacks the financial wherewithal to fund its liquidation process, the Debtor concluded that obtaining a firm commitment for postpetition financing at the outset of this case is both necessary and in the best interest of its creditors.

    11.    Before the Petition Date, the Debtor approached SV for the purpose of obtaining postpetition financing. As SV is familiar with the Debtor's business and has entered into a letter

In the United States Bankruptcy Court
District of Kansas, Kansas City Division
In re: ICOP Digital, Inc.
Case No.: 11-20140-11-rdb
EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING DEBTOR TO OBTAIN POST PETITION FINANCING PURSUANT TO 11 U.S.C §§ 105, 363, 364(c)(1), 364(c)(2), 364(d)(1), AND 503(b)(1); (II) AUTHORIZING DEBTOR TO ENTER INTO A
LETTER OF INTENT FOR THE SALE OF ASSETS AND APPROVING PURCHASE PROTECTION PROVISIONS; (III) DETERMINING AMOUNT OWED TO FCC, LLC AND ORDERING ASSIGNMENT OF LIENS AND LOCKBOX;  AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO FED. R. BANKR. P. 2002, 4001 AND 9014

of intent to purchase certain of the Debtor's assets, the Debtor determined in its sound business judgment that SV's proposal for the Postpetition Financing was the most favorable under the circumstances and addressed the Debtor's capital needs.

12. The DIP Credit Agreement and other documents to be executed in connection therewith (collectively, "**the Documents**") are the result of arm's length negotiations between the Debtor and SV. A true an correct copy of the proposed DIP Credit Agreement, in substantially final form, is attached hereto and made a part hereof for all purposes. The principal provisions of the DIP Credit Agreement are:

    a. The Borrower shall be ICOP Digital, Inc., a Colorado corporation, and the Lender shall be Safety Vision, LLC, a Texas limited liability company;

    b. The total credit commitment ("**the Commitment**") shall be up to $500,000.00. Funds shall be advanced in accordance with the DIP Credit Agreement in increments of $10,000.00;

    c. The proceeds of the DIP Credit Agreement shall be used during the pendency of the Chapter 11 Case exclusively for one or more of the following purposes: (A) to pay post-petition expenses, including monthly payroll and taxes, and professional fees and expenses incurred in connection with the administration and preservation of the bankruptcy estate of the Debtor, and (B) to pay amounts detailed on the Budget, including payoff of the Existing Pre-Petition Loans as listed in Schedule A to the DIP Credit Agreement;

    d. The DIP Credit Agreement shall terminate on:

        i. the date that is the earliest to occur of:

            1. the date that is sixty (60) days after the Closing Date;

In the United States Bankruptcy Court
District of Kansas, Kansas City  Division
In re:  ICOP Digital, Inc.
Case No.:  11-20140-11-rdb
EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING DEBTOR TO OBTAIN POST
PETITION FINANCING PURSUANT TO 11 U.S.C §§ 105,  363, 364(c)(1), 364(c)(2), 364(d)(1), AND 503(b)(1); (
II) AUTHORIZING DEBTOR TO ENTER INTO A
LETTER OF INTENT FOR THE SALE OF ASSETS AND APPROVING PURCHASE PROTECTION PROVISIONS; (III)
DETERMINING AMOUNT OWED TO FCC, LLC AND ORDERING ASSIGNMENT OF LIENS AND LOCKBOX;   AND
(IV) SCHEDULING A FINAL HEARING PURSUANT TO FED. R. BANKR. P. 2002, 4001 AND 9014

2. the date of Full Payment;

3. the date on which any Liens securing the obligations under this Agreement are set aside or avoided or the claims thereunder are disallowed in any manner, in each case, in whole or in part;

4. the date of consummation of the sale or disposition of all or substantially all of the assets of, or equity interests in, the Debtor's estate to any Person;

5. the effective date of a plan of reorganization in the Chapter 11 Case;

6. the date Lender terminates the Facility pursuant to Section 5.2(a) of this Agreement;

7. the date the Court denies approval of the Letter of Intent by and between the Borrower and Lender, if same ever occurs; or

8. the date on which Borrower elects to terminate this Agreement pursuant to Section 5.2(b) of this Agreement.

e. All direct borrowings and reimbursement obligations under DIP Credit Agreement shall at all times receive the priority in payment and be secured as set forth in paragraph 8.b above.

f. The liens and priority specified above shall be subject in each case only to (x) in the event of the occurrence and during the continuance of an Event of Default or an event that would constitute an Event of Default with the giving of notice or lapse of time or both (a "**Default**"), the payment of allowed and unpaid professional fees and disbursements incurred by the Borrowers and any statutory committees appointed in the case, and (y) the payment of fees pursuant to 28 U.S.C. § 1930 and to the Clerk of the Bankruptcy Court (collectively, "**the Carve-Out**").  However, in no event shall the Carve Out exceed the amounts set forth in the Budget attached to the DIP Credit Agreement or the Commitment.  In no event shall the proceeds of the DIP Credit Agreement be used (A) for any purpose that is not permitted under the Bankruptcy Orders, (B) to initiate or prosecute any Claims, causes of action, adversary proceedings or other litigation against Lender or any of its respective present and future subsidiaries, officers, directors,

In the United States Bankruptcy Court
District of Kansas, Kansas City  Division
In re:  ICOP Digital, Inc.
Case No.: 11-20140-11-rdb
EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING DEBTOR TO OBTAIN POST
PETITION FINANCING PURSUANT TO 11 U.S.C §§ 105,  363, 364(c)(1), 364(c)(2), 364(d)(1), AND 503(b)(1); (
II) AUTHORIZING DEBTOR TO ENTER INTO A
LETTER OF INTENT FOR THE SALE OF ASSETS AND APPROVING PURCHASE PROTECTION PROVISIONS; (III)
DETERMINING AMOUNT OWED TO FCC, LLC AND ORDERING ASSIGNMENT OF LIENS AND LOCKBOX;   AND
(IV) SCHEDULING A FINAL HEARING PURSUANT TO FED. R. BANKR. P. 2002, 4001 AND 9014

employees, agents, attorneys, other representatives or Affiliates, or (C) to object, contest or raise in any proceeding any defense to the validity, perfection, priority, extent or enforceability of the Facility (including the Liens granted in connection therewith), or the claims of Lender or any of its respective present and future subsidiaries, officers, directors, employees, agents, attorneys, other representatives or Affiliates.  By execution hereof, the Debtor hereby consents to the priming Liens referenced in clause (iv) above. Notwithstanding the foregoing, so long as no Default or Event of Default shall have occurred and be continuing, the Debtor shall be permitted to pay compensation and reimbursement of expenses allowed and payable under 11 U.S.C. §§ 328, 330 and 331, as the same may be due and payable, and any compensation and expenses previously paid, or accrued but unpaid, prior to the occurrence of such Default or Event of Default shall not reduce the Carve-Out.

g.	The Debtor shall pay $10,000 to Lender as a one time-fee for attorneys' fees, costs and expenses for establishing the DIP Credit Agreement, and such money may be advanced under the DIP Credit Agreement and paid directly to Lender.

h.	Interest shall accrue at the rate of 5% per annum.  In the event of a Default, the rate of interest shall increase to 8% per annum.

i.	The Debtor shall execute and deliver the Estoppel in favor of SV's lender, in the form attached to the DIP Credit Agreement.

13.	The DIP Credit Agreement further provides for the satisfaction of the debt owed to First Growth, which debt is secured by the Debtor's accounts receivable.  SV has agreed to promptly pay the sums owed First Growth.  Therefore, the Debtor requires a determination of the amounts owed First Growth and an Order (i) requiring First Growth to accept that amount in full satisfaction of the debt owed and (ii) ordering First Growth to release any and all liens and assign its liens and lockbox to SV.

In the United States Bankruptcy Court
District of Kansas, Kansas City Division
In re: ICOP Digital, Inc.
Case No.: 11-20140-11-rdb
EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING DEBTOR TO OBTAIN POST
PETITION FINANCING PURSUANT TO 11 U.S.C §§ 105, 363, 364(c)(1), 364(c)(2), 364(d)(1), AND 503(b)(1); (
II) AUTHORIZING DEBTOR TO ENTER INTO A
LETTER OF INTENT FOR THE SALE OF ASSETS AND APPROVING PURCHASE PROTECTION PROVISIONS; (III)
DETERMINING AMOUNT OWED TO FCC, LLC AND ORDERING ASSIGNMENT OF LIENS AND LOCKBOX;  AND
(IV) SCHEDULING A FINAL HEARING PURSUANT TO FED. R. BANKR. P. 2002, 4001 AND 9014

14. As is more fully set forth in the proposed Interim Financing Order, any stipulations, admissions, agreements and assertions contained in the Interim Order are only binding on third parties if such party in interest, including the Debtor or a committee appointed in this case, fails to challenge such stipulations, admissions, agreements and assertions within thirty (30) days after the initial selection of counsel for such committee (unless a further time is agreed to by SV or the Court orders a longer period on a showing by a party in interest that SV did not cooperate with the reasonable requests of such party).

**THE POSTPETITION FINANCING SHOULD BE APPROVED**

15. Sections 364(c) and (d) of the Bankruptcy Code provide:

(c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt -

(1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;

(2) secured by a lien on property of the estate that is not otherwise subject to a lien; or

(3) secured by a junior lien on property of the estate that is subject to a lien

(d) (1) The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if -

(A) the trustee is unable to obtain such credit otherwise; and

483620

8

In the United States Bankruptcy Court
District of Kansas, Kansas City Division
In re: ICOP Digital, Inc.
Case No.: 11-20140-11-rdb
EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING DEBTOR TO OBTAIN POST PETITION FINANCING PURSUANT TO 11 U.S.C §§ 105, 363, 364(c)(1), 364(c)(2), 364(d)(1), AND 503(b)(1); ( II) AUTHORIZING DEBTOR TO ENTER INTO A
LETTER OF INTENT FOR THE SALE OF ASSETS AND APPROVING PURCHASE PROTECTION PROVISIONS; (III) DETERMINING AMOUNT OWED TO FCC, LLC AND ORDERING ASSIGNMENT OF LIENS AND LOCKBOX;  AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO FED. R. BANKR. P. 2002, 4001 AND 9014

(B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

(2) In any hearing under this subsection, the trustee has the burden of proof on the issue of adequate protection.

16. The Debtor negotiated the DIP Credit Agreement at arm's length and pursuant to its business judgment. Courts have generally given deference to the Debtor's exercise of its business judgment, so long as that exercise is in compliance with the underlying provisions and policies of the Bankruptcy Code.

17. The Postpetition Financing is for the benefit of the Debtor's estate and its creditors. Such financing is the sole means of preserving and enhancing the Debtor's going concern value. With the credit provided by the DIP Credit Agreement, the Debtor will be able to maintain the status quo and pay its final payroll in order to preserve the value of its business assets for the benefit of all parties-in-interest. In the absence of the Postpetition Financing the Debtor will be unable to meet its direct operating expenses, causing irreparable harm to its liquidation efforts.

18. Thus, this Court should authorize the Debtor to enter into the DIP Credit Agreement.

19. The terms and conditions of the DIP Credit Agreement are fair and reasonable and were negotiated by the parties in good faith and at arms' length. Thus, SV should be accorded the benefits of section 364(e) of the Bankruptcy Code.

In the United States Bankruptcy Court
District of Kansas, Kansas City Division
In re: ICOP Digital, Inc.
Case No.: 11-20140-11-rdb
EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING DEBTOR TO OBTAIN POST PETITION FINANCING PURSUANT TO 11 U.S.C §§ 105, 363, 364(c)(1), 364(c)(2), 364(d)(1), AND 503(b)(1); ( II) AUTHORIZING DEBTOR TO ENTER INTO A
LETTER OF INTENT FOR THE SALE OF ASSETS AND APPROVING PURCHASE PROTECTION PROVISIONS; (III) DETERMINING AMOUNT OWED TO FCC, LLC AND ORDERING ASSIGNMENT OF LIENS AND LOCKBOX;  AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO FED. R. BANKR. P. 2002, 4001 AND 9014

## INTERIM APPROVAL SHOULD BE GRANTED

20. Bankruptcy Rule 4001(c) provides that a final hearing on a motion to obtain credit pursuant to section 364 may not be commenced earlier than fourteen (14) days after the service of such motion. However, the Court may conduct a preliminary expedited hearing on the motion and authorize the Debtor to obtain credit to the extent necessary to avoid immediate and irreparable harm to the debtor's estate, pending a final hearing.

21. The Debtor requests that the Court conduct an expedited preliminary hearing on the Motion and enter an Interim Financing Order which authorizes the Debtor, pending a Final Hearing, to obtain the credit contemplated by the DIP Credit Agreement in the amount of not more than $500,000.00. This will enable the Debtor to maintain the status quo while it pursues liquidation of its assets and avoid immediate and irreparable harm and prejudice to its creditors and all parties in interest pending the Final Hearing.

## NOTICE OF THIS MOTION

22. Notice of the hearing on this Motion, with a copy of the Motion, will be served on the following entities and/or their counsel: (1) the Office of the United States Trustee; (2) Safety Vision, LLC; (3) the Securities and Exchange Commission; (4) the Internal Revenue Service; (5) the offices of the Attorneys General for the States of Washington, Minnesota, North Carolina, South Carolina and California; (6) the offices of the Treasurers for the States of Washington, Minnesota, North Carolina, South Carolina and California; and (7) holders of the Debtor's 20

In the United States Bankruptcy Court
District of Kansas, Kansas City Division
In re: ICOP Digital, Inc.
Case No.: 11-20140-11-rdb
EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING DEBTOR TO OBTAIN POST
PETITION FINANCING PURSUANT TO 11 U.S.C §§ 105, 363, 364(c)(1), 364(c)(2), 364(d)(1), AND 503(b)(1); (
II) AUTHORIZING DEBTOR TO ENTER INTO A
LETTER OF INTENT FOR THE SALE OF ASSETS AND APPROVING PURCHASE PROTECTION PROVISIONS; (III)
DETERMINING AMOUNT OWED TO FCC, LLC AND ORDERING ASSIGNMENT OF LIENS AND LOCKBOX;  AND
(IV) SCHEDULING A FINAL HEARING PURSUANT TO FED. R. BANKR. P. 2002, 4001 AND 9014

largest unsecured claims (collectively, **"the Initial Master Service List"**) by facsimile if known, otherwise by overnight mail. In addition, the Debtor will serve a copy of this Motion with the notice of hearing for this Motion by facsimile, if known, otherwise by overnight mail, on those creditors that the Debtor is aware of and believes may hold a security interest in the Debtor's assets.

## NOTICE OF INTERIM FINANCING ORDER
## AND HEARING ON FINAL ORDER

23. The Debtor respectfully requests that the Court set a final hearing date on the motion as soon as practicable and permitted by applicable law and an objection deadline on or before 5:00 p.m. (Prevailing Central Time) five (5) business days prior to the date of the final hearing, and authorize the Debtor to serve a copy of the signed Interim Financing Order, which fixes the time and date for the filing of objections, if any, by ECF or, if such party will not receive notice by ECF, by first class mail upon (1) counsel to any official committee of unsecured creditors appointed in this case; (2) the Office of the United States Trustee; (3) all parties who have filed requests for notice under Bankruptcy Rule 2002 as of the date of service of the Interim Financing Order but do not receive notice through ECF; (4) counsel for SV; and (5) the twenty (20) largest unsecured creditors of the Debtor at their last known addresses.  The Debtor requests that the Court consider such notice of the Interim Financing Order to be sufficient notice under Bankruptcy Rule 4001.

In the United States Bankruptcy Court
District of Kansas, Kansas City  Division
In re:  ICOP Digital, Inc.
Case No.:  11-20140-11-rdb
EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING DEBTOR TO OBTAIN POST PETITION FINANCING PURSUANT TO 11 U.S.C §§ 105,  363, 364(c)(1), 364(c)(2), 364(d)(1), AND 503(b)(1); (II) AUTHORIZING DEBTOR TO ENTER INTO A
LETTER OF INTENT FOR THE SALE OF ASSETS AND APPROVING PURCHASE PROTECTION PROVISIONS; (III) DETERMINING AMOUNT OWED TO FCC, LLC AND ORDERING ASSIGNMENT OF LIENS AND LOCKBOX;   AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO FED. R. BANKR. P. 2002, 4001 AND 9014

24. The Debtor further requests that the Court order that any party in interest objecting to the relief sought at the final hearing on the Interim Financing Order shall serve and file written objections, which objections shall be served upon: (1) Joanne B. Stutz, Evans & Mullinix, P.A., 7225 Renner Road, Suite 200, Shawnee, KS  66217, counsel to the Debtor; and (2) Trent L. Rosenthal, Beirne, Maynard & Parsons, L.L.P., 1300 Post Oak Blvd., Ste. 2500, Houston, RX  77056, counsel for Safety Vision, L.L.C. and shall be filed with the Clerk of the United States Bankruptcy Court for the District of Kansas, Kansas City Division.

WHEREFORE, the Debtor respectfully requests this Court's order granting  (i) the relief requested herein and (ii) such other and further relief as the Court deems just and equitable.

Respectfully Submitted:

EVANS & MULLINIX, P.A.

*/s/ Joanne B. Stutz*
Joanne B. Stutz, KS #12365; MO #30820
7225 Renner Road, Suite 200
Shawnee, KS  66217
(913) 962-8700; (913) 962-8701 (Fax)
jbs@evans-mullinix.com
*Attorneys For Debtor*

483620

12